[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT. 10, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-15389

_____

D. C. Docket No. 93-00246-CIV-T-25A

FLORIDA PROGRESS CORPORATION,

Plaintiff-Appellant-Cross Appellee,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee-Cross-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(September 10, 2001)

OPINION ON PETITION FOR REHEARING

Before BLACK, FAY, and COX, Circuit Judges.

PER CURIAM:

This court issued an unpublished opinion in this case affirming the district court's decision, with a dissent. The appellant Florida Progress Corporation has petitioned for rehearing, asking in part that this court publish its opinion in order to provide guidance on the second issue Florida Progress raises — the immediate deductibility of trenching costs . The petition is GRANTED to that extent we vacate our unpublished opinion and substitute the following opinion, for publication. The petition is otherwise DENIED.

Florida Progress Corporation, which the parties refer to as Florida Power, appeals following summary judgment against it in its suit for recovery of taxes paid for the tax years 1982 through 1985. Florida Power presents two issues: first, whether under 26 U.S.C. § 118(b) (which was repealed in 1986), it was entitled to exclude from income certain fees paid by customers to cover the marginal costs of burying electric lines serving the customers' premises, rather than stringing the lines overhead; and second, whether trenching costs (roughly speaking, the marginal costs of burying the lines rather than running them overhead) were properly expensed under 26 U.S.C. § 162(a) rather than capitalized and depreciated as contemplated by 26 U.S.C. § 263. Having reviewed the authorities the parties cite and considered the parties' arguments, we agree with the district court's analysis of these issues and affirm for the reasons

2

stated in its thorough and well-reasoned opinion, which is published at ___ F. Supp.

2d ___ (2001).

AFFIRMED.

BLACK, Circuit Judge, concurring in part and dissenting in part:

I agree with majority's decision to affirm on the first issue concerning 26 U.S.C. § 118(b). I respectfully disagree, however, with the majority's decision on the second issue. I would reverse the district court insofar as it held that Appellant's trenching costs could not be deducted per 26 U.S.C. § 162(a), but rather had to be capitalized per 26 U.S.C. § 263. It is true that the Internal Revenue Code bars a deduction for "[a]ny amount paid out . . . for permanent improvements or betterments", but this bar applies only to improvements or betterments that are "made to *increase the value* of any property or estate." 26 U.S.C. § 263(a)(1) (emphasis added). Due to the regulations and mandated accounting procedures of the Florida Public Service Commission (FPSC), it is legally impossible for Appellant's trenching costs to ever result in an increase in the value of Appellant's property or estate. The district court failed to give sufficient weight to this regulatory aspect of Appellant's business. *See Comm'r of Internal Revenue v. Idaho Power Co.*, 94 S. Ct. 2757, 2765 (1974) (holding that "[a]lthough agency-imposed compulsory accounting practices do not necessarily dictate tax consequences, they are not irrelevant and may be accorded some significance" (citation omitted)).[1] For that reason, I respectfully dissent from

---

[1] I acknowledge that our decision in *City Gas Co. of Fla. v. Comm'r of Internal Revenue*, 689 F.2d 943, 949 (11th Cir. 1982) probably precludes the FPSC accounting practices from being controlling for tax purposes. But just because the FPSC accounting practices are not *controlling* does not mean they cannot be *considered* in assessing whether the trenching costs

4

the majority's decision to affirm the district court's grant of summary judgment for Appellee with regard to the deductibility of Appellant's trenching costs.

---

qualify as deductions under § 162(a). *See Idaho Power Co.*, 94 S. Ct. at 2765-66 (noting how accounting procedures required by federal and state regulatory agencies must be given some, though not necessarily controlling, weight).